[*221]          *HILDRITH *against* HARVEY.

A rule regularly obtained, in absence of the counsel for the other party, will not be vacated at a subsequent term.

EMOTT, for the plaintiff, moved to vacate a rule, which had been taken, as of course, at the last term, to set aside a judgment by default in the cause. He stated that he attended in court faithfully during the term; though he happened to be absent when the defendant obtained the rule.

*Van Vechten,* contra.

*Per Curiam.* The rule having been regularly obtained by the defendant, without any fraud on his part, we cannot now set it aside, on the ground of the absence of counsel, whose duty it is to be steadily in court, during the term, without establishing a precedent that may be very inconvenient, and which may destroy a settled rule of practice. The *equity* between the parties is now equal. The plaintiff regularly obtained a judgment by default. The defendant has regularly obtained a discharge of that judgment. As the money has been levied on the judgment, and is now in the hands of the plaintiff, we will not order him to pay it back to the defendant; but it must be brought into court to abide the final event of the suit.

Motion denied.(*a*)

[*222]          *LEWIS *against* ELMENDORF.

A member of congress is privileged from arrest only while *at* congress, or actually going to, or returning from congress.

VAN VECHTEN, in behalf of the defendant, moved for his discharge from the arrest in this cause. The defendant is a

(*a*) Grah. Prac. 2d ed. 682.